**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| N.T., a minor, by and through his guardians, BETTY HARPER and MICHAEL HARPER, | ) ) ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO.: |
| v. | ) | |
| | ) | _____ |
| | ) | |
| JUVENILE CORRECTIONAL OFFICER PHILLIP RILEY, individually, | ) ) ) | |
| | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

COMES NOW, Plaintiff N.T., a minor, by and through his legal guardians, and files this Complaint for damages under 42 U.S.C. § 1983 and the Eighth and Fourteenth Amendments of the United States Constitution. In support thereof, Plaintiff shows as follows:

### INTRODUCTION

1. On August 12, 2015, fourteen year-old, 135-pound N.T. was imprisoned at the Georgia Department of Juvenile Justice-run Clayton Regional Youth Detention Center when he was suddenly picked up and slammed to the ground by Defendant Juvenile Correctional Officer Phillip Riley ("Riley").

2. There was no penological need for Defendant Riley to make physical

contact with N.T., who stood by his door with his hands behind his back, per protocol, when Defendant Riley maliciously and sadistically picked him up and slammed him to the ground.

3.     N.T.'s head split open upon contact with the concrete floor of the detention center. N.T. lost consciousness, bled profusely, and suffered a traumatic brain injury, with lasting consequences he suffers to this day.

## PARTIES

4.     Plaintiff N.T. is a minor resident of Georgia. He was in the custody of the Georgia Department of Juvenile Justice at the time of the events giving rise to this suit. He has since been released, and at the time of this filing, lives with his guardians.

5.     Betty Harper is a resident of Georgia and a legal guardian and grandparent of N.T.

6.     Michael Harper is a resident of Georgia, a legal guardian and grandparent of N.T., and a retired employee of the Georgia Department of Corrections.

7.     Defendant Juvenile Correctional Officer Phillip Riley was employed by the Georgia Department of Juvenile Justice in August 2015. At all times relevant to this lawsuit, Riley acted under the color of state law.

## JURISDICTION AND VENUE

8.     This case presents a federal question under 42 U.S.C. § 1983 and the

Eighth and Fourteenth Amendments of the Constitution. This Court has subject matter jurisdiction under 28 U.S.C. § 1331.

9. Upon service of process, this Court acquires personal jurisdiction of Defendant Riley under Fed. R. Civ. P. 4(k)(1)(a).

10. Venue is proper in the Northern District of Georgia under 28 U.S.C. § 1391(b) because all acts occurred within this District and Division.

## FACTUAL ALLEGATIONS

11. After breakfast on the morning of August 12, 2015, N.T. and several other youths were in the process of walking back to their cells, when a youth attacked N.T. without provocation.

12. N.T. and that youth scuffled briefly, but then separated themselves without intervention from any correctional officer.

13. N.T. then went to his cell door and stood with his back against the door and his hands behind his back per standard protocol for transitioning youth inmates into their cells.

14. The other youth had walked away from N.T. down the hallway so that they were no longer near each other.

15. Defendant Riley then approached N.T. and without warning or provocation picked N.T. up off the ground and slammed him into the floor.

16. When Defendant Riley used force against N.T., there was no fight taking

place.

17.     When Defendant Riley used force against N.T., N.T. was not attempting to fight any other youths and was not being combative towards correctional officers.

18.     When Defendant Riley used force against N.T., N.T. posed no threat to any correctional officer or anyone else.

19.     N.T. offered no resistance whatsoever.

20.     Before Defendant Riley used force against N.T., he made no attempt to use any lesser intervention—verbal or otherwise—before picking N.T. up and slamming him to the ground.

21.     When N.T.'s head struck the concrete floor, he suffered a significant injury.

22.     N.T.'s blood pooled around his body as he lay face down and motionless on the floor.

23.     N.T. suffered a three-centimeter laceration to his head from the blunt force of his head hitting the floor, requiring six staples to close.

24.     Surrounding the laceration was an eight-centimeter hematoma.

25.     Following the use of force, N.T. was transferred to the hospital for treatment.

26.     N.T. suffered a traumatic brain injury as a result of Defendant Riley's use of force.

27. N.T. continues to suffer from the effects of that injury two years later.

28. N.T. has suffered and continues to suffer from physical pain, mental and emotional distress, and lasting cognitive problems as a result of Defendant Riley's conduct.

## COUNT I
*Excessive Force*
*Under 42 U.S.C. § 1983 and the Eighth and Fourteenth Amendments*

29. There was no need use any force against Plaintiff.

30. At the time of the application of force, Plaintiff was compliant, with his hands behind his back per instructions.

31. The amount of force used was excessive.

32. Plaintiff, who offered no resistance and posed no threat, was picked up and thrown headfirst into the concrete floor.

33. Plaintiff suffered serious physical injuries as a result of the use of force.

34. Defendant Riley's actions and use of force, as described herein, were objectively unreasonable in light of the facts and circumstances confronting him.

35. The force used on Plaintiff was solely for the purposes of gratuitous corporal punishment and served no legitimate penological interest and was rendered without process.

36. Defendant Riley acted with malicious and sadistic intent when he picked Plaintiff up and threw him to the ground without reason.

37.    Defendant Riley's use of force was not undertaken in good faith.

38.    On August 12, 2015, the law was clearly established that that correctional officers cannot use force against a compliant inmate, and cannot continue to employ force or other coercive measures after the necessity for such coercive action has ceased.

39.    Defendant Riley's actions and use of force, as described herein, were malicious, oppressive, and taken with reckless disregard to Plaintiff's constitutional rights such that Plaintiff may recover punitive damages against Defendant Riley.

WHEREFORE, Plaintiff demands the following:

a) That this action be tried by a jury;

b) That judgment be entered in favor of Plaintiff and against Defendant in an amount to be determined by the enlightened conscience of fair and impartial jurors to the extent allowed by law;

c) That Plaintiff be awarded nominal, compensatory, special, and punitive damages;

d) That Plaintiff be awarded attorneys' fees under 42 U.S.C. § 1988;

e) That all costs of this action be taxed against Defendant; and

f) That the Court award any additional or alternative legal or equitable relief

as may be deemed appropriate under the circumstances.

Respectfully submitted this 11th day of August, 2017.

/s/ Zack Greenamyre
Zack Greenamyre
Georgia Bar No. 293002

MITCHELL & SHAPIRO LLP
3490 Piedmont Road, Suite 650
Atlanta, Georgia 30305
404-812-4747
zack@mitchellshapiro.com

/s/Jeffrey R. Filipovits
Jeffrey R. Filipovits
Georgia Bar No. 825553

FILIPOVITS LAW, PC
2900 Chamblee-Tucker Rd.
Building 1
Atlanta, Georgia 30341
770-455-1350
jeff@law.filipovits.com

Counsel for Plaintiff